UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 18-106 |
| WALTER REYNALDO VIERA SULLON | SECTION M |

**ORDER & REASONS**

Before the Court is a motion by defendant Walter Reynaldo Viera Sullon ("Viera") for compassionate release or reduction in sentence.[1] The government opposes the motion.[2] Having considered the parties' memoranda, the record, and the applicable law, the Court denies Viera's motion.

**I.   BACKGROUND**

On April 16, 2019, Viera pleaded guilty to count 1 of the superseding bill of information charging him with conspiring (1) to import cocaine hydrochloride into the United States in violation of 21 U.S.C. §§ 952(a) and 960(a)(1), and (2) to distribute and possess with intent to distribute five kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride while upon the high seas on board a vessel subject to the jurisdiction of the United States in violation of 18 U.S.C. § 70503(a)(1); all in violation of 18 U.S.C. § 371.[3] On July 23, 2019, Viera was sentenced to serve 60 months in the custody of the Bureau of Prisons (the "BOP"), and one year of supervised release.[4] Viera's projected release date is July 26, 2022.[5]

---

[1] R. Doc. 452.
[2] R. Doc. 454.
[3] R. Docs. 157; 195.  The Coast Guard found 3,400 kilograms of cocaine on the ship Sullon served as a crew member.  R. Doc. 454 at 1.
[4] R. Doc. 271.  The 60-month sentence was the statutory maximum.
[5] R. Doc. 452-1 at 2.

## II. PENDING MOTION

Viera, *pro se*, now moves the Court for compassionate release or a reduction in sentence in accordance with 18 U.S.C. § 3582(c)(1)(A) due to concerns over the COVID-19 virus.[6] Viera states that he had COVID-19 twice.[7] While he does not cite any underlying health conditions, Viera argues that he is at risk of reinfection because of the prison conditions which keep him in a confined area with over 80 other inmates.[8] In opposition, the government argues that this Court lacks authority to act on Viera's motion because Viera has not established that he exhausted his administrative remedies in the BOP.[9]

## III. LAW & ANALYSIS

"The district court's jurisdiction to correct or modify a defendant's sentence is limited to those specific circumstances enumerated by Congress in 18 U.S.C. § 3582." *United States v. Garcia*, 606 F.3d 209, 212 n.5 (5th Cir. 2010). Section 3582(c), as amended by the First Step Act, provides that "[a] court, on a motion by the BOP or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692-93 (5th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). Under 18 U.S.C. § 3582(c)(1)(A), federal courts "may not modify a term of imprisonment once it has been imposed except [upon motion of the BOP or the defendant] after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."

---

[6] *Id.* at 1-4.
[7] *Id.* at 2.
[8] *Id.* at 4.
[9] R. Doc. 454 at 1-3.

The Fifth Circuit his clarified that this requirement is not jurisdictional but is a mandatory claim-processing rule. *United States v. Franco*, 973 F.3d 465, 468 (5th Cir. 2020) ("all requests for compassionate release must be presented to the [BOP] before they are litigated in the federal courts"). Thus, a court cannot consider the merits of a motion to reduce or modify a defendant's sentence until the defendant demonstrates that his administrative remedies have been exhausted.

Viera has not demonstrated that he exhausted his administrative remedies either by appealing a failure of the BOP to bring a motion on his behalf or by the lapse of 30 days from the receipt by the warden of Viera's facility of a request to reduce or modify his sentence. Indeed, Viera does not even argue that he submitted a request for compassionate release to the warden of his facility as to start either the administrative review process or the 30-day clock. Absent the requisite showing of exhaustion of administrative remedies, this Court cannot consider the merits of Viera's motion at this time.

IV.    **CONCLUSION**

Accordingly, for the foregoing reasons,

IT IS ORDERED that Viera's motion for compassionate release or reduction in sentence (R. Doc. 400) is DENIED without prejudice to refiling if and when he exhausts his administrative remedies.

New Orleans, Louisiana, this 17th day of February, 2022

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE